UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| MARKIE LLOYD and NATALIA SHAW,<br><br>　　　Plaintiffs,<br><br>　v.<br><br>OVERSTOCK.COM, INC.,<br><br>　　　Defendant. | **MEMORANDUM DECISION AND ORDER DENYING PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE DEFENDANT'S EXHIBITS NO. 6 & 7 (DOC. NO. 82)**<br><br>Case No. 2:18-cv-00955<br><br>Magistrate Judge Daphne A. Oberg |

　　　Plaintiffs Markie Lloyd and Natalia Shaw brought this action against their former employer, Overstock.com, Inc. ("Overstock"), alleging disability discrimination and retaliation under the Americans with Disabilities Amendments Act ("ADA"), 42 U.S.C. § 12101, *et seq*. Ms. Lloyd claims she was wrongfully terminated in 2016 because of her disability and in retaliation for protected activity under the ADA. Overstock, on the other hand, asserts she was terminated for poor performance in her position as a content moderator.

　　　In this motion in limine, Plaintiffs move to exclude Overstock's Exhibits 6 and 7, which document corrective actions Overstock took against Ms. Lloyd in 2012 for unexcused absences and tardiness. (Mot., Doc. No. 82.) These problems occurred while Ms. Lloyd worked in Overstock's customer service department before she transferred to the content moderation team in 2014. (*Id.* at 2.) Plaintiffs object to these exhibits under Rules 401 and 403 of the Federal Rules of Evidence. (*Id.*) First, Plaintiffs argue the exhibits are irrelevant to Ms. Lloyd's performance as a content moderator. (*Id.* at 2–3.) Plaintiffs assert content moderators were not required to work a prescribed set of hours and could not accrue tardies or unexcused absences.

(*Id.*)  They also note Overstock does not claim it terminated Ms. Lloyd for absenteeism.  (*Id.*)  Second, Plaintiffs argue any probative value is substantially outweighed by the danger of unfair prejudice because the exhibits could cause the jury to view Ms. Lloyd as a poor employee, even though content moderators had no set hours.  (*Id.* at 3.)

Overstock argues Ms. Lloyd's disciplinary history is relevant and necessary to provide a full picture of Ms. Lloyd's employment and the reasons for her termination.  (Opp'n 2, Doc. No. 90.)  Overstock also contends the exhibits are relevant to a factual dispute regarding the reasons for Ms. Lloyd's transfer to the content moderation team—whether it was due to poor performance, as her supervisor testified in his deposition, or health issues, as Ms. Lloyd alleges.  (*Id.* at 2–3.)

"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."  Fed. R. Evid. 401.  Irrelevant evidence is inadmissible.  Fed. R. Evid. 402.  Even if relevant, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice."  Fed. R. Evid. 403.

Ms. Lloyd's full employment history at Overstock is relevant to determining the reasons for Overstock's decision to terminate her—a central issue in this case.  Ms. Lloyd's disciplinary history, even from a prior position with the company, is probative of whether Overstock's asserted nondiscriminatory reasons for terminating her are credible or, instead, pretext for discrimination.  Accordingly, the exhibits are relevant.  And given their relevance to this central issue, their probative value is not substantially outweighed by the danger of unfair prejudice.

For these reasons, Plaintiffs' motion to exclude Overstock's Exhibits 6 and 7 is denied.

DATED this 18th day of July, 2022.

BY THE COURT:

_____
Daphne A. Oberg
United States Magistrate Judge