UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| MARKIE LLOYD and NATALIA SHAW, <br><br> Plaintiffs, <br><br> v. <br><br> OVERSTOCK.COM, INC., <br><br> Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE DEFENDANT'S EXHIBIT NO. 16 (DOC. NO. 83)** <br><br> Case No. 2:18-cv-00955 <br><br> Magistrate Judge Daphne A. Oberg |

Plaintiffs Markie Lloyd and Natalia Shaw brought this action against their former employer, Overstock.com, Inc. ("Overstock"), alleging disability discrimination and retaliation under the Americans with Disabilities Amendments Act ("ADA"), 42 U.S.C. § 12101, *et seq.* Ms. Lloyd claims she was wrongfully terminated in 2016 because of her disability and in retaliation for protected activity under the ADA. Overstock, on the other hand, asserts she was terminated for poor performance in her position as a content moderator.

In this motion in limine, Plaintiffs move to exclude Overstock's Exhibit 16, which is an investigative report prepared at Overstock's request approximately a month after Ms. Lloyd's termination.[1] (Mot., Doc. No. 83.) Overstock initiated the investigation after Ms. Lloyd's father alleged in an email to Overstock's president that Ms. Lloyd had been wrongfully terminated. (*See* Opp'n, Doc. No. 90.) The investigator interviewed Ms. Lloyd's supervisor, Overstock human resources personnel, and Ms. Lloyd's father regarding the circumstances of Ms. Lloyd's

---

[1] The parties do not specify whether the investigator was an employee of Overstock or an outside consultant.

termination.  (*See id.*; Ex. 1 to Mot., Doc. No. 83-1.)  The report describes the interviewees' statements as well as the investigator's conclusion that no disability discrimination occurred.  (Ex. 1 to Mot., Doc. No. 83-1.)

Plaintiffs argue Exhibit 16 is inadmissible hearsay because it is offered for the truth of the matter asserted—to prove Ms. Lloyd was terminated for performance issues and not for any discriminatory reason.  (Mot. 2, Doc. No. 83.)  Overstock does not dispute the exhibit is hearsay but argues it is admissible under the business records exception to the hearsay rule.  (Opp'n 3–4, Doc. No. 90.)

Under the business records exception, a "record of an act, event, condition, opinion, or diagnosis" is not excluded by the rule against hearsay if five requirements are met:

> (A) the record was made at or near the time by—or from information transmitted by—someone with knowledge;
> (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
> (C) making the record was a regular practice of that activity;
> (D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and
> (E) the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.

Fed. R. Evid. 803(6).

Overstock argues the investigative report was kept in the course of Overstock's regularly conducted activities because Overstock followed policy and properly investigated Mr. Lloyd's father's complaint.  (Opp'n 4, Doc. No. 90.)  Overstock also states its Director of Human Resources will testify the requirements of this rule are met.  (*Id.*)

Overstock has not demonstrated Exhibit 16 falls under the business records exception.  First, the report was not made at or near the time of the events discussed in it.  The report is

dated December 14, 2016.  (Ex. 1 to Mot., Doc. No. 83-1.)  Ms. Lloyd was terminated approximately a month earlier, in November 2016, and the report discusses events going back as far as July 2016.  (*Id.*)  Second, Overstock has not proffered any evidence showing such investigations were a regularly conducted activity of its business—or that creating the report was a regular practice of that activity.  Overstock's assertion that it was following policy is insufficient to meet these prongs.  Third, the circumstances surrounding the report's preparation indicate a lack of trustworthiness for purposes of this rule.  "It is well-established that one who prepares a document in anticipation of litigation is not acting in the regular course of business." *Echo Acceptance Corp. v. Household Retail Servs.,* 267 F.3d 1068, 1091 (10th Cir. 2001).  The report was prepared in response to a complaint of wrongful termination, suggesting Overstock anticipated potential litigation related to Ms. Lloyd's termination when it requested the investigation and report.  For all of these reasons, the business records exception does not apply.

    Because Overstock concedes Exhibit 16 is hearsay and fails to show any exception or exclusion to the hearsay rule applies, it is inadmissible.  *See* Fed. R. Evid. 802.  Therefore, Plaintiffs' motion to exclude Exhibit 16 is granted.

    DATED this 18th day of July, 2022.

                                    BY THE COURT:

                                    _____
                                    Daphne A. Oberg
                                    United States Magistrate Judge