UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| MARKIE LLOYD and NATALIA SHAW, <br><br> Plaintiffs, <br><br> v. <br><br> OVERSTOCK.COM, INC., <br><br> Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION IN LIMINE TO EXCLUDE ELEVEN OF PLAINTIFFS' WITNESSES AT TRIAL (DOC. NO. 88)** <br><br> Case No. 2:18-cv-00955 <br><br> Magistrate Judge Daphne A. Oberg |

Plaintiffs Markie Lloyd and Natalia Shaw brought this action against their former employer, Overstock.com, Inc. ("Overstock"), alleging disability discrimination and retaliation under the Americans with Disabilities Amendments Act ("ADA"), 42 U.S.C. § 12101, *et seq*. Plaintiffs claim they were wrongfully terminated because of their disabilities and in retaliation for protected activity under the ADA.

In this motion in limine, Overstock moves to exclude eleven of Plaintiffs' witnesses from testifying at trial. (Mot., Doc. No. 88.) Two of these witnesses—Patrick Byrne and Greg Lloyd—were not previously disclosed, and Plaintiffs agree to withdraw them. (*See id.* at 2; Opp'n 1, Doc. No. 96.) Accordingly, the motion as moot as to these two witnesses. The remaining nine witnesses are family members and friends of Plaintiffs. Overstock argues these witnesses should be excluded because their testimony is not relevant and its probative value is substantially outweighed by the danger of unfair prejudice. (Mot. 7–8, Doc. No. 88.) Overstock argues these witnesses lack personal knowledge of the circumstances of Plaintiffs' termination

1

and will be used only to bolster Plaintiffs' own emotional pleas to the jury.  (*Id.* at 7.)

In opposition, Plaintiffs assert these witnesses have knowledge relevant to Plaintiffs' claim for nonpecuniary damages.  (Opp'n 2, Doc. No. 96.)  Plaintiffs propose calling only one nonparty witness each to testify about their personal observations of changes in Plaintiffs' wellbeing and emotional state after their terminations.  (*Id.*)  Plaintiffs also note one of the witnesses at issue, Greg Dunn (Ms. Lloyd's father), made discrimination complaints to Overstock, including in an email which both parties have listed as an exhibit.  (*Id.*)

The court invited supplemental briefing regarding whether Plaintiffs should be permitted to call one nonparty witness each to testify regarding Plaintiffs' nonpecuniary damages.  (Doc. No. 102.)  In its supplemental brief, Overstock argued for the first time that the trial should be bifurcated into liability and damages phases if Plaintiffs' witnesses are permitted to testify regarding nonpecuniary damages.  Because Overstock has not filed a separate motion, this request is not properly raised and is not considered.[1]

"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.  Irrelevant evidence is inadmissible.  Fed. R. Evid. 402.  Even if relevant, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice."  Fed. R. Evid. 403.  Additionally, "[a] witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."  Fed. R. Civ. P. 602.

---

[1] Even if this argument were properly raised, bifurcation would not be warranted based solely on two witnesses' testimony regarding nonpecuniary damages.

Plaintiffs have shown the proposed testimony from the witnesses at issue is relevant and based on personal knowledge. It is undisputed Plaintiffs may seek nonpecuniary damages for their ADA claims, and this is an appropriate topic for testimony by friends and family with personal knowledge of this issue. *See, e.g.*, *Fowler v. Westminster Coll. of Salt Lake*, No. 2:09-cv-591, 2013 U.S. Dist. LEXIS 14089, at *13 (D. Utah Jan. 31, 2013) (finding testimony of a family member regarding the plaintiff's emotional distress supported damages award in ADA discrimination case). And limiting Plaintiffs to one nonparty witness each on this topic mitigates any danger of unfair prejudice or cumulative testimony.

As to Greg Dunn, specifically, where he is author of a stipulated exhibit, he is likely to have personal knowledge of issues relevant to the case even beyond nonpecuniary damages. Accordingly, the court will not exclude him as a witness or limit his testimony at this stage.

For these reasons, Overstock's motion is granted in part and denied in part. The motion is denied as to Greg Dunn. And Plaintiffs may call one nonparty witness each on the topic of nonpecuniary damages.

DATED this 18th day of July, 2022.

BY THE COURT:

_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge